UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DELLA JEAN M.,[1] | Case No. 2:21-cv-00196-DCN-DKG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | |
| Defendant. | |

## INTRODUCTION

Plaintiff filed a Complaint with this Court seeking judicial review of the

Commissioner's denial of her applications for supplemental social security income. (Dkt.

1). This matter has been referred to the undersigned Magistrate Judge pursuant to 28

U.S.C. § 636(b)(1)(A) and is fully briefed. (Dkts. 19, 20). Having carefully reviewed the

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

**REPORT AND RECOMMENDATION – 1**

parties' memoranda and the entire administrative record (AR), the Court will recommend that the decision of the Commissioner be reversed and remanded for the reasons set forth below.

## BACKGROUND

On March 15, 2018, Plaintiff protectively filed an application for supplemental security income benefits for a period of disability beginning March 15, 2018, based upon physical and mental impairments including complex regional pain syndrome ("CRPS"); anxiety; injuries to ankles; injuries to legs; injuries to back; depression; and issues with left hand. (AR 39, 46). Her claim was initially denied on May 1, 2019, and again upon reconsideration on June 21, 2019. (AR 39).

On September 3, 2020, a hearing was held before Administrative Law Judge ("ALJ"), Marie Palachuk. (AR 57-83). After obtaining testimony from Plaintiff, two independent medical experts, and a vocational expert, ALJ Palachuk issued a decision on October 16, 2020, finding Plaintiff was not disabled. (AR 39-51).

Plaintiff requested review by the Social Security Appeals Council, which denied her request for review on March 9, 2021, making the ALJ's decision the final decision of the Commissioner. (AR 1-7). Plaintiff timely appealed this final decision on May 4, 2021. (Dkt. 1).

The Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). Plaintiff was forty-nine years of age at the time of the alleged disability onset and fifty-two years old at the time of the hearing. (AR 46, 50). Plaintiff has at least a high school education and has no past relevant work. (AR 50).

## THE ALJ'S DECISION[2]

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520; *Lounsbury v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

At step one, the ALJ determined Plaintiff had not engaged in substantial gainful activity since the alleged onset date, March 15, 2018. (AR 42). At step two, the ALJ found Plaintiff had the following severe impairments: chronic pain status-post right ankle injury; osteoarthritis right shoulder, mild carpal tunnel syndrome, mild degenerative disc disease; obstructive sleep apnea; obesity; anxiety disorder; mild chronic depression. (AR 42). At step three, the ALJ determines whether a claimant's impairment or combination

---

[2] *Kennedy v. Colvin*, 738 F.3d 1172 (9th Cir. 2013), sets forth the five-step review process as follows:

> The five-step process for disability determinations begins, at the first and second steps, by asking whether a claimant is engaged in 'substantial gainful activity' and considering the severity of the claimant's impairments. *See* 20 C.F.R. § 416.920(a)(4)(i)-(ii). If the inquiry continues beyond the second step, the third step asks whether the claimant's impairment or combination of impairments meets or equals a listing under 20 C.F.R. pt. 404, subpt. P, app. 1 and meets the duration requirement. *See id*. § 416.920(a)(4)(iii). If so, the claimant is considered disabled and benefits are awarded, ending the inquiry. *See id*. If the process continues beyond the third step, the fourth and fifth steps consider the claimant's 'residual functional capacity' in determining whether the claimant can still do past relevant work or make an adjustment to other work. *See id*. § 416.920(a)(4)(iv)-(v).

738 F.3d at 1175.

**REPORT AND RECOMMENDATION – 3**

of impairments meets or medically equals the criteria of an impairment listed in 20

C.F.R. Part 404, Subpart P, Appendix 1 ("Appendix 1"). 20 C.F.R. §§ 416.920(d),

416.925, 416.926. Here, the ALJ determined that Plaintiff did not have an impairment or

combination of impairments that met or were medically equal to the criteria of Listings

1.02, 1.04, 12.04 and 12.06. (AR 43-44).

        At step four, the ALJ determined Plaintiff retained the residual functional capacity

("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b) with the following

additional limitations:

> She can occasionally use pedals with the right lower extremity and perform
> postural activities frequently, except occasional stairs and no ladders, ropes
> or scaffolds. She can occasionally reach overhead with the right upper
> extremity, and frequently handle with the right upper extremity. She would
> need to avoid concentrated exposure to extreme cold and vibration and all
> exposure to hazards. The claimant can have cursory interaction with the
> public and occasional and superficial interaction (defined as non-
> collaborative/no teamwork) with coworkers. She would do best in an
> independent work setting.

(AR 45). In reliance upon testimony from the vocational expert ("VE"), the ALJ found

that because Plaintiff had not performed work in over twenty years, she had no past

relevant work and transferability of job skills was not an issue. (AR 50). The ALJ

determined that Plaintiff is capable of performing work as a hotel housekeeper, a small

parts assembler, and an inspector-hand packager. (AR 50-51). Accordingly, the ALJ

found Plaintiff not disabled. (AR 51).

**REPORT AND RECOMMENDATION – 4**

## ISSUE FOR REVIEW

The following issue is raised on appeal:

1.     Whether the ALJ properly rejected Plaintiff's subjective symptom
       testimony.

## STANDARD OF REVIEW

On review, the Court is instructed to uphold the final decision of the

Commissioner if the decision is supported by substantial evidence and is not the product

of legal error. 42 U.S.C. § 405(g); *Universal Camera Corp. v. Nat'l Labor Relations Bd.*,

340 U.S. 474 (1951); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended);

*DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla but less than a

preponderance, *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not

mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552,

565 (1988).

In making its determination, the Court considers the administrative record as a

whole, weighing both the evidence that supports and the evidence that does not support

the ALJ's conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). The Court

reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*,

236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court considers only the reasoning and

actual findings identified by the ALJ and may not affirm for a different reason or based

on post hoc rationalizations attempting to infer what the ALJ may have concluded.

*Garrison*, 759 F.3d at 1010; *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist that supports Plaintiff's claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, will be conclusive. *Flaten*, 44 F.3d at 1457. It is well-settled that if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

## DISCUSSION

Plaintiff asserts that the ALJ's decision is not supported by substantial evidence because she failed to offer specific, clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony regarding her pain. (Dkt. 19 at 3).

### 1. Legal Standard

The ALJ engages in a two-step process for evaluating a claimant's testimony about the severity and limiting effects of the claimant's symptoms. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (quoting

*Garrison*, 759 F.3d at 1014-15; 20 C.F.R. §§ 404.1529 (Mar. 27, 2017)). When doing so, "the claimant need not show that [his or] her impairment could reasonably be expected to cause the severity of the symptom [he or] she has alleged; [he or] she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ may discredit the claimant's testimony about the severity of his symptoms only by offering specific, clear and convincing reasons for doing so. *Trevizo*, 871 F.3d at 678; *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010). It is "not sufficient for the ALJ to make only general findings; he [or she] must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). These reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995).

When evaluating the intensity and persistence of symptoms, the Commissioner requires that the ALJ consider all the evidence in the record. *See* SSR 16-3p (March 16, 2016), 2016 WL 1119029 at *1-2.[3] The ALJ is directed to examine "the entire case record, including the objective medical evidence; an individual's statements about the

---

[3] The Commissioner superseded SSR 96-7p governing the assessment of a claimant's "credibility" with SSR 16-3p, which eliminates the reference to "credibility," clarifies that "subjective symptom evaluation is not an examination of an individual's character," and requires the ALJ to evaluate the record as a whole. *Trevizo*, 871 F.3d at 679 n.5.

**REPORT AND RECOMMENDATION – 7**

intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

In addition, the Commissioner recommends assessing: (1) the claimant's statements made to the Commissioner, medical providers, and others regarding the location, frequency and duration of symptoms, the impact of the symptoms on daily living activities, factors that precipitate and aggravate symptoms, medications and treatments used, and other methods used to alleviate symptoms; (2) medical source opinions, statements, and medical reports regarding the claimant's history, treatment, responses to treatment, prior work record, efforts to work, daily activities, and other information concerning the intensity, persistence, and limiting effects of an individual's symptoms; and (3) non-medical source statements, considering how consistent those statements are with the claimant's statements about his or her symptoms and other evidence in the file. *See id.* at *6-7.

The ALJ's decision may be upheld even if not all of the ALJ's reasons for discrediting the claimant's testimony are upheld. *See Batson v. Comm'r of Soc. Security Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). The ALJ may not, however, make an adverse finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). While the ALJ may consider the lack of corroborating objective medical evidence as one factor in "determining the severity of the claimant's pain" or other symptoms, *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001), the ALJ may

not reject subjective pain or other symptom testimony merely because it was not fully corroborated by objective medical evidence, *Robbins,* 466 F.3d at 883.

### 2.  The ALJ's Decision

Here, the ALJ briefly summarized Plaintiff's subjective symptom testimony, including Plaintiff's allegations of disabling pain and limited ability to stand and walk as well as statements she made at the hearing. (AR 46-47). The ALJ determined that while Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms, her statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. (AR 46).

Concerning the medical evidence, the ALJ found:

> In terms of the claimant's alleged disabling physical impairments and their corresponding symptoms, the undersigned finds the objective medical evidence does not fully support the level of limitation claimed. The minimal and mild physical examination findings found throughout the record are inconsistent with the claimant's allegations of disabling pain and limited ability to stand and walk.

(AR 47). The ALJ noted Plaintiff was "often described as well-nourished and in no acute distress"; that there was "no evidence of gross edema or extremity lymphoma"; that her "motor and sensory functions were grossly intact"; that she "[i]ntermittently exhibited an antalgic gait on exam"; and that she had "normal range of motion, full strength, and intact sensation throughout the bilateral upper extremities." (AR 47) (citing AR 581, 587, 601, 605, 608, 611, 614, 617). The ALJ also noted that an "MRI indicated small broad-based disc bulge and tiny right-sided facet joint effusion, which may correlate with L5

distribution radicular symptoms"; and that there was "evidence of L4-L5 intervertelaral disc annulus tearing, which her physicians indicated "*may* be a pain generator." (AR 47) (emphasis in original) (citing AR 661).

The ALJ also recounted State Disability Determination Services (DDS) physical medical consultants' conclusions that the totality of the record supported a light residual functional capacity, (AR 47, 191-207, 209-225), as well as Minh D. Vu, M.D.'s opinion that the underlying cause of Plaintiff's chronic pain was unknown, that Plaintiff's lumbar spine abnormalities were relatively mild and did not result in objective neurological deficits, and that there was insufficient evidence to establish CRPS and fibromyalgia as medically determinable impairments. (AR 47, 62-65).

### 3. Analysis

Plaintiff advances two primary arguments in support of her position that the ALJ failed to provide specific, clear, and convincing reasons for rejecting her testimony: (a) the ALJ "never set forth Plaintiff's statements about her pain symptoms or discussed them in the decision"; and (b) the ALJ "erroneously required Plaintiff to show medical proof or evidence that her impairment could reasonably be expected to cause the severity of the pain she … alleged." (Dkt. 19 at 5-8). Because the Court finds that the ALJ did address Plaintiff's subjective pain testimony in her decision, (AR 46) (citing AR 371-397), the Court need only address Plaintiff's second argument.

Plaintiff is correct that an ALJ may not disregard Plaintiff's subjective pain testimony on the sole basis that the objective medical evidence does not substantiate the degree of impairment-related symptoms she alleges; instead, it is "one of the many

factors [the] ALJ must consider in evaluating" Plaintiff's testimony. *See Burch v.*

*Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005); SSR 16-3p at *5 ("[W]e will not disregard

an individual's statements about the intensity, persistence, and limiting effects of

symptoms solely because the objective medical evidence does not substantiate the degree

of impairment-related symptoms alleged by the individual. A report of minimal or

negative findings or inconsistencies in the objective medical evidence is one of the many

factors we must consider in evaluating the intensity, persistence, and limiting effects of

an individual's symptoms.").

> "[O]nce the claimant produces objective medical evidence of an underlying
> impairment, an adjudicator may not reject a claimant's subjective complaints
> based solely on a lack of objective medical evidence to fully corroborate" the
> claimant's allegations. In reaching a credibility determination, an ALJ may
> weigh inconsistencies between the claimant's testimony and his or her
> conduct, daily activities, and work record, among other factors.

*Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (first quoting

*Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir.1991), then citing *Light v. Soc. Sec.*

*Admin.*, 119 F.3d 789, 792 (9th Cir.1997)).

  In *Bray*, for example, the United States Court of Appeals for the Ninth Circuit

upheld the ALJ's decision to disregard Bray's subjective testimony, finding that the ALJ

had made specific findings in support of his decision to discount Bray's testimony. *Id.* In

so doing, the Court noted that the ALJ had identified specific conduct, such as smoking,

an active lifestyle, and recent work experience, as well as statements made to treatment

providers and Bray's own testimony during the hearing, that were inconsistent with the

medical record. *Id.*

Here, however, rather than identifying specific inconsistencies between Plaintiff's testimony and the medical and other evidence in the record as the ALJ did in *Bray*, the ALJ summarized Plaintiff's subjective pain testimony and recited the medical evidence that apparently supported her own determination. Moreover, the ALJ provided only one reason for rejecting Plaintiff's subjective pain testimony. Specifically, the ALJ stated:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.
> …
> In terms of the claimant's alleged disabling physical impairments and their corresponding symptoms, the undersigned finds the objective medical evidence does not fully support the level of limitation claimed. The minimal and mild physical examination findings found throughout the record are inconsistent with the claimant's allegations of disabling pain and limited ability to stand and walk.

(AR 46-47). Aside from the singular reason the ALJ provided for discrediting Plaintiff's subjective pain testimony, the ALJ's decision contains little more than generic, boilerplate language and a recitation of the medical and other evidence. *See Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) ("The ALJ noted generically that 'the claimant's statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the objective medical and other evidence for the reasons explained in this decision.' But this 'boilerplate statement' by way of 'introductory remark,' which is 'routinely include[d]' in ALJ decisions denying benefits, did not 'identify what parts of the claimant's testimony were not credible and why.'") (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014)).

REPORT AND RECOMMENDATION – 12

As it stands, the Court can only surmise that the ALJ disregarded Plaintiff's subjective pain testimony on the sole basis that it was unsubstantiated by the medical evidence. This was error. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015) ("We hold that an ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination."); *see also Robbins,* 466 F.3d at 883 ("While an ALJ may find testimony not credible in part or in whole, he or she may not disregard it solely because it is not substantiated affirmatively by objective medical evidence.").

### 4. Harmless Error

An error may be harmless, however, "if it is 'inconsequential to the ultimate nondisability determination,' or if despite the legal error, 'the agency's path may reasonably be discerned.'" *Brown-Hunter*, 806 F.3d at 494 (first citing *Molina v. Astrue*, 674 F.3d, 1104, 1115 (9th Cir. 2012), then citing *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)). Courts look to the record as a whole to determine whether the error alters the outcome of the case. *Molina*, 674 F.3d at 1115.

Here, the Court finds that the error was not harmless. Because the ALJ merely summarized the record in support of her determination and failed to provide clear and convincing reasons for rejecting Plaintiff's subjective pain testimony, the Court is unable to discern the ALJ's path. *See Brown-Hunter*, 806 F.3d at 494 ("[W]e cannot discern the agency's path because the ALJ made only a general credibility finding without providing any reviewable reasons why she found Brown–Hunter's testimony to be not credible.").

### 5. Remand for Further Proceedings

**REPORT AND RECOMMENDATION – 13**

The Court has "discretion to remand a case either for additional evidence and findings or to award benefits." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1164 (9th Cir. 2012) (citation omitted). Except in rare instances, when a court reverses an administrative agency determination, the proper course is to remand to the agency for additional investigation or explanation. *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)). Unless "the record has been fully developed and further administrative proceedings would serve no useful purpose," remand for further proceedings is warranted. *Garrison*, 759 F.3d at 1020.

Here, the Court finds that remand for further proceedings is appropriate. In light of the record as a whole, the Court has serious reservations about whether Plaintiff was, in fact, disabled, during the relevant time period and finds that further administrative review will likely remedy the ALJ's error. *See McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011); *see also Garrison*, 759 F.3d at 1021 (a court may "remand for further proceedings when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled").

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED** that:

1) The decision of the Commissioner of Social Security be **REVERSED**;

2) This action be **REMANDED** to the Commissioner for further proceedings consistent with this opinion;

3) The Remand be considered a "sentence four remand," consistent with 42 U.S.C. § 405(g) and *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002); and

**REPORT AND RECOMMENDATION – 14**

4) Judgment be **ENTERED** in favor of Plaintiff.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: December 20, 2022

Honorable Debora K. Grasham
United States Magistrate Judge